UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARICELA RAMIREZ | No. 3:13-cv-01772-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MELANIE PARKER, M.D., STEPHANIE ANDERSON, M.D., LEGACY GOOD SAMARITAN MEDICAL CENTER; LEGACY EMANUEL MEDICAL CENTER; LMG NORTHEAST; DOES 1-100, | |
| Defendant. | |

Judge ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Maricela Ramirez ("Ramirez") filed this matter against Defendants Melanie Parker, M.D., Stephanie Anderson, M.D., Legacy Good Samaritan Medical Center, Legacy Emanuel Medical Center, LMG Northeast, and Does 1-100 (collectively "Defendants") for medical

FINDINGS AND RECOMMENDATION - 1                                                                 [RMD]

malpractice and violations of her civil rights. Defendants prevailed on summary judgment and now submit their motion for attorney fees and costs. Defendants request an award of $22,164.00 in attorney fees and $1,953.16 in court costs for a total award of $24,117.16. After reviewing the Defendants' request, the court should grant Defendants' motion and award them $24,117.16 in attorney fees and costs.

*Factual Background*

Ramirez alleged in her complaint that Defendants provided her sub-standard medical care based on her race and disability. Specifically, Ramirez alleged the Defendants treated her rudely when she attempted to seek medical care and "intentionally covered up that Plaintiff had . . . organ[] failure, nerve damage and cancer . . . ." (First Am. Compl. at 8.)

The Defendants moved for summary judgment and argued that there was no factual basis to support Ramirez's claims. In addition to moving for summary judgment, the defendants moved for an award of attorney fees because Ramirez's history of filing similar frivolous lawsuits against other healthcare providers. After reviewing the record, this court recommended granting summary judgment in Defendants' favor, but denying their motion for attorney fees because it did not comply with the requirements of Federal Rule of Civil Procedure 54. However, the court also recommended the reviewing district court judge "direct Defendants to file an appropriate fee petition for the court's review and Ramirez's response." *Ramirez v. Parker*, No. 3:13-CV-01772-AC, 2014 WL 7187463, at *17 (D. Or. Dec. 16, 2014). In a December 16, 2014 Opinion and Order, District Court Judge Anna Brown adopted this court's recommendation, dismissed Ramirez's claims with prejudice, and directed the Defendants to file a new motion for attorney fees. (Dkt. No. 122.)

*Discussion*

Defendants contend they are entitled to attorney fees pursuant to several federal statutes as well as Judge Brown's December 2014 Opinion and Order. Ramirez contends it is inappropriate to award Defendants attorney fees at all, but also challenges the amount of fees Defendants seek. She contends: (1) her claims have merit and should not have been dismissed on summary judgment; (2) Defendants' fee petition is untimely; and (3) Defendants' fee request is not reasonable. Ramirez also contends Defendants' request for costs is not authorized by 28 U.S.C. § 1920.

I.  Legal Authority for an Award of Fees

Ramirez first argues the court has no legal authority to award attorney fees because her dismissed claims have merit. The court disagrees. Ramirez's First Amended Complaint alleged medical malpractice, race discrimination under Title II of the Civil Rights Act of 1964, and disability discrimination under section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act. (Dkt. No. 10.) Because they were the prevailing party in each of these claims, Defendants contend they are entitled to attorney fees pursuant to each federal statute under which Ramirez brought suit.

*A.  Procedural Requirements*

Federal Rule of Civil Procedure 54 does not substantively authorize attorney's fee awards, but it articulates the procedural prerequisites for a prevailing party's fee petition. Specifically, Rule 54 provides that a "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). In addition, unless the court orders otherwise, the motion for fees and costs must:

(i) be filed no later than 14 days after the entry of judgment;

>    (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
>    (iii) state the amount sought or provide a fair estimate of it; and
>
>    (iv) disclose, if the court so orders, the terms of any agreement about fees

FED. R. CIV. P. 54(d)(2)(B).

Defendants have complied with the requirements of Rule 54. First, Defendants' motion is timely. The court entered a judgment in Defendants' favor on December 16, 2014, and the Defendants filed their motion for attorney fees on December 31, 2014. Although Defendants filed their motion more than fourteen days after the court entered the judgment, Judge Brown's December 16, 2014 Opinion and Order directed "Defendants to prepare and submit to the Magistrate Judge a formal motion for attorneys' fee that comports with Local Rule 54-3 **no later than December 31, 2014**." (Dkt. No. 122) (emphasis original). Because the Defendants filed their motion within the time prescribed by the court's order, their motion complies with Rule 54.

Second, Defendants specified in their motion the "judgment and the statue" which entitle them to an award, by citing Judge Brown's December 16, 2014 Opinion and Order as well as three federal statutes which entitle them to attorney fees. Specifically, the Defendants claim they are entitled to attorney fees under 42 U.S.C. § 2000a-3(b) (Title II of the Civil Rights Act of 1964), 29 U.S.C. § 794a(b) (§ 504 of the Rehabilitation Act), and 42 U.S.C. § 12205 (the ADA). Ramirez brought suit under all three statutes, each of which provide for an award of attorney fees to the "prevailing party." Third, pursuant to Rule 54 and Local Rule 54-3, the Defendants have provided the court with the amount of attorney fees sought and a line-by-line schedule of how those attorney-hours were accrued. Fourth, the court did not order Defendants to produce the terms of its fee agreement, so their failure to provide that agreement does not run afoul of Rule 54. Therefore,

Defendants have complied with each requirement in Rule 54(d) and are entitled to an award of attorney fees so long as they meet the substantive requirements of the attorney-fee statutes.

### B. Substantive Requirements

Attorney fees may be awarded only to the "prevailing party" in discrimination cases. 42 U.S.C. § 2000a-3(b), 29 U.S.C. § 794a(b), 42 U.S.C. § 12205. A prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603 (2001). "In other words, a 'prevailing party' is one who has been awarded some relief by the court." *Mahoe v. Operating Engineers Local Union No. 3 of the Int'l Union of Operating Engineers, AFL-CIO*, No. Civ. 13-00186 HG-BMK, 2015 WL 3867995, at *5 (D. Hawai'i June 23, 2015).

However, the Supreme court has held that attorney fees should be awarded to prevailing defendants in discrimination cases only in exceptional circumstances. *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1976). The policy against awarding defendants attorney fees stems from Congress's intent to encourage attorneys to take on discrimination cases. The Ninth Circuit has explained that, "[g]uaranteeing individuals an opportunity to be heard in court instead of leaving them only with self-help as the means of remedying perceived injustices creates respect for law and ameliorates the injury that individuals feel when they believe that they have been wronged because society views them as inferior." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011). However, the Supreme court determined that permitting an attorney-fee award against any unsuccessful plaintiff would disincentivize many plaintiffs from pursuing colorable claims for fear of being left responsible for a significant attorney-fee award. *Christianburg*, 434 U.S. at 421. Therefore, in *Christianburg*, the

FINDINGS AND RECOMMENDATION - 5                                                                                      [RMD]

Court held that "a District court may in its discretion award attorney's fees to a prevailing defendant in [discrimination cases only] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. In addition, the *Christianburg* Court warned against engaging "in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22.

Here, the court concludes Defendants are entitled to attorney fees under *Christianburg* because Ramirez's claims were "frivolous, unreasonable, and without foundation." Ramirez's claims rest on the premise that Defendants' medical treatment constituted malpractice. Specifically, she alleged Defendants conspired to conceal her diagnosis of cancer and multiple organ failure. However, Ramirez produced no evidence that she suffers from cancer or organ failure, let alone that her diagnosis was concealed through the Defendants' alleged conspiracy. Ramirez's second claim alleges that Defendants rendered sub-standard care because of her race and disability. Again, Ramirez introduced no evidence to support her contention that Defendants acted in a discriminatory manner. Because her claims lack a foundation in law and fact, Ramirez's claims are frivolous and unreasonable and warrant an award of attorney fees under *Christianburg*.

The court is mindful of the policies underlying the *Christianburg* decision and the Ninth Circuit's "reluctan[ce] to impose penalties against" a pro se litigant. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981), but those policies do not apply to Ramirez here. Where a pro se litigant repeatedly files frivolous, "burdensome," and "costly" litigation, the court may grant a defendant's motion for attorney fees. *See id.* (granting defendants' motion for attorney fees where the plaintiff filed multiple frivolous lawsuits, all of which contained identical meritless claims). Ramirez has

filed multiple similar, if not identical, claims for malpractice and discrimination against her healthcare providers, all of which have been dismissed on defendants' motion. *See Ramirez v. Petrillo,* 559 Fed. Appx. 651 (9th Cir. 2014), *Ramirez v. Chow*, No. 12-cv-05630 JRC, 2013 WL 3724947, at *3 (W.D. Wash. July 12, 2013), *Ramirez v. Hart*, No. C13-5873 RJB, 2014 WL 2170376, at *11 (W.D. Wash. May 23, 2014). In *Chow*, the court remarked that Ramirez "has been given every opportunity to provide evidence to the Court to support her claim of discrimination and negligence, but has failed to do so." *Chow,* 2013 WL 3724947, at *1. Moreover, the *Hart* court warned Ramirez that if she continued to file baseless claims under the Civil Rights Act of 1964 and the ADA, "she may be subject to an award of costs and attorney fees under the relevant statutes, and/or she may be subject to sanctions under FED. R. CIV. P. 11." *Hart*, 2014 WL 2170376, at *11. Because Ramirez, despite the previous admonishments and warnings, has again filed frivolous malpractice and discrimination claims, the court should award Defendants attorney fees in this case.

III.  Quantitative Reasonableness of Defendants' Fee Request

Although Ramirez does not articulate which portions of Defendants' fee request are unreasonable, Ramirez "opposes the amount of fees requested by Defendants" and accuses Defendants of "causing significant and unimaginable psychological harm to Plaintiff by unjustly and unlawfully demanding such unreasonable attorney fees." (Pl.'s Resp. at 2.) In addition, she contends that, because the Defendants' fee request "aggravate[d] her life-threatening condition . . . [t]he law prohibits [an] award of attorney fees . . . under these conditions." (Pl.'s Resp. at 4.) Defendants argue Ramirez does not carry her burden to show their request is unreasonable because she "has not made any argument identifying, in any way, how or why the requested award is unreasonable." (Def.'s Reply at 2.)

To determine whether the movant's attorney-fee request is reasonable, the court uses the lodestar method. *Pa. v. Del Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564 (1986). The "lodestar" in the attorney-fee context is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. In determining the reasonableness of the lodestar figure, the court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1970), including "the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case." *Atlantic Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 WL 2536834, at *5 (D. Or. June 24, 2008). "The court has a responsibility to scrutinize the plaintiff's fee petition" independent of the nonmovant's objections to determine the requests' reasonableness. *Wolfe v. City of Portland*, No. 3:12-cv-02035-PK, 2013 WL 6002391, at *3 (D. Or. Nov. 8, 2013) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1400-01 (9th Cir. 1992)). The movant bears the burden of proving the reasonableness of his fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Further, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id*. The movant must present more than arguments, but must "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

Defendants' request for attorney fees is reasonable both in the hourly rate charged and number of hours billed. First, the hourly rates Defendants' attorneys billed are below the median rate for attorneys with their experience and in their area of practice. Defendants' attorneys seek hourly rates tailored to the specific attorney performing the relevant work. Most of the Defendants'

FINDINGS AND RECOMMENDATION - 8                                                                                          [RMD]

attorney hours were billed by Sara A. Cassidey ("Cassidey"), who billed at $165 and $175 per hour. Cassidey was admitted to the Oregon State Bar in October 2009 and, at the time the motion was filed, had approximately five years experience practicing law. Lindsey H. Hughes ("Hughes") has been a member of the Oregon State Bar since 1983 and has more than thirty years of experience practicing law. For her work in this case, she billed at an hourly rate of $225.00. Finally Paralegal Mari J. Dzeikan billed two hours at $115.00 per hour. In total, counsel for Defendant's billed 117.60 hours for a total of $22,164.00.

The Oregon State Bar 2012 Economic Survey (the "Economic Survey") was commissioned to "gather demographic information regarding Oregon attorneys" regarding, among other things, billing rates among different demographics of attorneys. Oregon State Bar 2012 Economic Survey, 1 (Revised July 2013). The Economic Survey shows that the average billing rate for Portland attorneys with four-to-six years of experience is $210 and the Median rate is $218. *Id*. at 30. For Portland attorneys with more than thirty years of experience, the average billing rate is $340 and the median rate is $350. *Id*. Cassidey and Hughes, who billed rates at $165 and $175, and $225 per hour respectively, billed at rates well below the average for attorneys with their relative experience. Thus, their rate charged was reasonable.

The number of hours Defendants' attorneys billed is also reasonable. First, Ramirez does not oppose any specific line-item of billing. However, the court still has an independent duty to review the number of hours billed for reasonableness. After review of the Defendants' invoices, the court finds no instances of inflated, duplicative, or unreasonable billing. Each item is billed in increments of one-tenth of an hour, and each entry is accompanied by a specific explanation of how the time was spent as required by LR 54-3.

Because Defendants' attorneys' lodestar fee is reasonable both in the rates charged and hours billed, the court puts less importance in the *Kerr* factors. Regardless, the *Kerr* factors weigh in favor of awarding Defendants' the requested fee. First, this case was not a desirable case for Defendants to litigate. Ramirez's claims were frivolous and unsupported by even a scintilla of evidence on the record. Defendants were nonetheless required to devote 117.6 hours defending it. Second, Defendants' attorneys obtained a fully positive result for their clients. Third, because Ramirez litigated her claims pro se, defending this case was often "difficult." The remaining factors weigh in neither party's favor. However, three of the *Kerr* factors weigh in favor of awarding Defendants' their fee request.

Ramirez argues that Defendants are not entitled to an award of fees, but instead of identifying specific entries in Defendants' fee schedule as unreasonable, she attempts to reargue the merits of her claims which the court has already dismissed with prejudice. The court does not find her arguments persuasive. Therefore, the court should grant Defendants' request for attorney fees.

IV.  Costs

Defendants also move for an award of $1,953.16 in costs and litigation expenses. Of those costs, $159.50 was incurred for photocopies, $19.16 was incurred postage, and $1,774.50 was incurred retaining an expert witness to defend against Ramirez's claims of medical malpractice and discriminatory medical treatment. Ramirez opposes Defendants' requests for costs, claiming it is "unreasonable," but she does not articulate which costs should not be awarded. Additionally, she attempts to relitigate the merits of her claims, concluding that, "[t]he Court discriminated against Plaintiff and also, the Court was unfair and partial to Plaintiff and committed abuse of discretion." (Pl.'s Resp. at 8.)

Federal Rule of Civil Procedure 54 provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).  However, "[a]bsent 'express statutory authority for shifting" fees, the court is limited to awarding only those costs articulated in 28 U.S.C. § 1920. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002), *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).  Section 1920 provides that the court may award the following categories of costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Photocopies are explicitly recoverable under § 1920(4).  Therefore, the Defendants' request for $159.50 in photocopying costs should be granted.  Further, in *Lovell v. Chandler*, the Ninth Circuit recognized that 42 U.S.C. § 12205 serves as an express statutory authority for shifting expert witness fees.  303 F.3d at 1058.  Thus, under *Lovell*, Defendants are entitled to recover their request for $1,774.50 in expert-witness fees pursuant to § 12205 of the ADA.

Section 1920 does not authorize the court to award fees for postage.  As a result, courts in

FINDINGS AND RECOMMENDATION - 11                                                                              [RMD]

this district have repeatedly held that postage is not recoverable as costs. *Welch v. Fredrickson*, No. 07-CV-1185-AC, 2008 WL 5082124, at *6 (D. Or. Dec. 1, 2008), *Wolfe v. City of Portland*, No. 3:12-cv-02035-PK, 2013 WL 6002391, at *13 (D. Or. Nov. 8, 2013), *HMM Ents. LLC v. Geppert*, No. 3:12-cv-01874-MO, 2013 WL 3461922, at *3 (D. Or. July 9, 2013). However, Congress intended that recovery of "litigation expenses" under § 12205 include "expert witness fees, travel expenses, etc.," and of the three cases addressing the issue from this district, two have concluded postage may be awarded under that section. *See Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1036-37 (D. Or. 1996) (prevailing party in an ADA case could recover "miscellaneous costs" including "$74.60 for postage" under § 12205), *Clark v. Peco, Inc.*, No. 97-737-HU, 1999 WL 398012, at *12 (D. Or. April 16, 1999) (same); *but see Key Bank Nat. Ass'n v. Van Noy*, l 598 F. Supp. 2d 1160, 1167 (D. Or. 2009) (postage "is a cost which should be borne by the firm or the client and not shifted to the opposing party."). Therefore, Defendants' request for costs is recoverable in full. On that basis, the court should grant Defendant's requests for court costs and award Defendants $1,953.16.

*Conclusion*

For the aforementioned reasons, the court should GRANT Defendants' Motion for an Award of Attorney Fees, Costs, and Disbursements (Dkt. No. 125) and award Defendants $22,164.00 in attorney's fees and $1,953.16 in court costs for a total award of $24,117.16.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 12, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a

response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 30th day of July, 2015.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge