IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARICELA RAMIREZ,                           3:13-cv-01772-AC

                Plaintiff,                  ORDER

v.

MELANIE PARKER, M.D.; STEPHANIE
ANDERSON, M.D.; LEGACY GOOD
SAMARITAN HOSPITAL & MEDICAL
CENTER; LEGACY EMANUEL MEDICAL
CENTER; LMG NORTHWEST; and DOES
1 TO 100;

                Defendants.


BROWN, Judge.

    Magistrate Judge John V. Acosta issued Findings and

Recommendation (#140) on July 30, 2015, in which he recommends

the Court grant Defendants' Motion (#125) for an Award of

Attorney Fees, Costs, and Disbursements and award to Defendants

$22,164.00 in attorneys' fees and $1,953.16 in costs.  Plaintiff

1 - ORDER

filed timely Objections to the Findings and Recommendation.  The
matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)
and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561
F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328
F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff objects to the Magistrate Judge's Findings and
Recommendation on the bases that (1) her claims were meritorious
and, in any event, not frivolous; (2) the Court erred and engaged
in judicial misconduct when it entered summary judgment in favor
of Defendants; (3) the Magistrate Judge erred when he found
Defendants' Motion for attorneys' fees complied with this Court's
orders and Federal Rule of Civil Procedure 54; and (4) the
Magistrate Judge's award of attorneys' fees to Defendants would
cause Plaintiff undue financial hardship.

After a review of the record, the Court concludes
Plaintiff's first three Objections to the Magistrate Judge's
Findings and Recommendation are without merit.  Moreover, the
Court concludes the Magistrate Judge correctly found the hours
expended and the hourly rates charged by defense counsel are
reasonable.  In addition, the Court concludes the Magistrate

2 - ORDER

Judge appropriately awarded $1,953.16 in costs to Defendants.

Nonetheless, Plaintiff is correct that the Court may consider undue financial hardship to Plaintiff when determining whether an award of attorneys' fees to Defendants is warranted. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). *See also Lee v. ABB Daimler-Benz Transportation*, 17 F. App'x 668, 668 (9th Cir. 2001).

Although Plaintiff, appearing *pro se*, did not submit any evidence concerning financial hardship with her opposition to Defendants' Motion or in her Objections to the Magistrate Judge's Findings and Recommendation, Plaintiff's Application (#2) for Leave to Proceed *In Forma Pauperis* (which the Court granted) contains sworn statements regarding Plaintiff's financial status. In her Application Plaintiff represented she has not worked since 2003; owns a condominium valued at approximately $65,000.00 that is her only significant asset; and has a monthly income of $1,251.00 per month from disability or worker's compensation payments.

In light of Plaintiff's modest financial means, the Court finds the Magistrate Judge's award of attorneys' fees to Defendants in the amount of $22,164.00 would cause undue financial hardship to Plaintiff. Although the Court agrees with the Magistrate Judge that Plaintiff has a documented history of filing similar frivolous lawsuits and, therefore, that an award

of attorneys' fees is necessary to deter such conduct in the future, it is clear based on the record that such a large award would impose extreme financial hardship on Plaintiff and, as a practical matter, would burden Plaintiff with a debt that she likely could not repay.

The Court, therefore, in the exercise of its discretion, reduces to $10,000.00 the amount of attorneys' fees awarded to Defendants by the Magistrate Judge. The Court chooses this amount because it provides Plaintiff with a genuine opportunity to pay the debt in manageable regular installments while making meaningful progress toward satisfying the obligation. At the same time, the Court also concludes a $10,000.00 attorney-fee obligation is sufficient to deter Plaintiff from repeating in the future her historical pattern of filing frivolous cases, a factor the Magistrate Judge appropriately considered.

Accordingly, on this record the Court concludes Defendants are entitled to an award of attorneys' fees in the amount of $10,000.00 and costs in the amount of $1,953.16.


## <u>CONCLUSION</u>

The Court **ADOPTS in part** and **DECLINES TO ADOPT in part** Magistrate Judge Acosta's Findings and Recommendation (#140) and, therefore, **GRANTS in part** and **DENIES in part** Defendants' Motion (#125) for an Award of Attorney Fees, Costs, and Disbursements.

4 – ORDER

Accordingly, the Court **AWARDS** Defendants **$10,000.00** in attorneys'
fees and **$1,953.16** in costs.

IT IS SO ORDERED.

DATED this 20th day of October, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - ORDER